IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| VERITAS GENETICS INVESTMENT GROUP, LLC; RICHMOND HONAN DEVELOPMENT AND ACQUISITIONS, LLC; and SCOTT HONAN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

COMES NOW, Plaintiff Baker, Donelson, Bearman, Caldwell & Berkowitz,

P.C., and brings this action against Defendants Veritas Genetics Investment Group,

LLC, Richmond Honan Development and Acquisitions, LLC, and Scott Honan

(collectively referred to as "Defendants"), by showing this Court as follows:

## THE PARTIES

1.

Plaintiff Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.

(hereinafter "Plaintiff" or "Baker Donelson") is a professional corporation formed

under the laws of the State of Tennessee with its principal place of business located

at 165 Madison Ave., Suite 2000, Memphis, TN 38103.

2.

Baker Donelson is a law firm.  Attorneys employed by Baker Donelson are

engaged in the practice of law throughout much of the United States.

3.

Defendant Veritas Genetics Investment Group, LLC ("VGIG") is an active

Delaware limited liability company authorized to conduct business in the State of

Georgia formed on February 2, 2020.  VGIG's principal office address is 3330

Preston Ridge Road, Suite 380, Alpharetta, GA 30005.  VGIG may be served with

process by serving a Summons and a copy of this Complaint upon its registered

agent in Georgia, Kaplan, Bogue & Cooper, P.C., 5901 Peachtree Dunwoody

Road, Suite B415, Atlanta, GA 30328.  Upon information and belief, all members

of VGIG are citizens of either Georgia or Delaware.

4.

Defendant  Richmond  Honan  Development  and  Acquisitions,  LLC

("Richmond Honan") is a Georgia limited liability company.  Richmond Honan's

principal office address is 3330 Preston Ridge Road, Suite 380, Alpharetta, GA

30005.  Richmond Honan may be served with process by serving a Summons and a

copy of this Complaint upon its registered agent, Sharon Holcomb, 3330 Preston Ridge Road, Suite 380, Alpharetta, GA 30005.  Upon information and belief, all members of Richmond Honan are Georgia citizens.

5.

Defendant Scott Honan ("Honan") is an individual who, during all relevant times, indirectly owned at least 25% of and served as manager of VGIG and owned a significant percentage of and served as manager of Richmond Honan.  Honan is a Georgia citizen who may be served with process by serving a Summons and a copy of this Complaint on him at 3330 Preston Ridge Road, Suite 380, Alpharetta, GA 30005.

## JURISDICTION AND VENUE

6.

This Court has jurisdiction over Baker Donelson's claims against Defendants under 28 U.S.C. § 1332 because this matter is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because VGIG's and Richmond Honan's principal places of business are in this judicial district.

8.

Venue is also proper in this Court under 28 U.S.C. § 1391(b) because Honan's residence is in this judicial district.

## FACTUAL BACKGROUND

9.

In late January 2020, Baker Donelson was approached by Mr. Honan's representatives to serve as counsel in connection with an opportunity for Richmond Honan to acquire the majority interest in Veritas Genetics, Inc., a Delaware corporation with operations in Massachusetts that had developed a sophisticated method for creating a highly detailed map of the human genome.

10.

Richmond Honan, which is largely owned and managed by Honan, focuses on health care real estate. Honan, through Richmond Honan, saw Veritas Genetics, Inc. as an important acquisition to enter into the genetics health care market. Richmond Honan had also recently acquired a series of large labs, and Honan saw Veritas Genetics, Inc. as an important tenant of the health care real estate owned by Richmond Honan as well as an opportunity to build a corporate platform for additional acquisitions and growth in the field of genetics related health care.

While the purchase of controlling interest in Veritas Genetics, Inc. was being negotiated, Richmond Honan provided operating funds to Veritas Genetics, Inc. so that it could continue to operate pending the purchase.    These advances commenced prior to the formation of VGIG and were later documented in the form of a note payable by VGIG.  Honan, on behalf of Richmond Honan signed a non-binding Memorandum of Understanding on or about April 3, 2020 acknowledging the various roles of Richmond Honan in the transaction.

11.

At the time they engaged Baker Donelson, Richmond Honan and Honan were negotiating to purchase a controlling interest in Veritas Genetics, Inc., a Delaware corporation.  Veritas Genetics, Inc. was owned by a Cayman entity, had interests in international joint ventures operating in the complex and evolving field of genetics and had fallen into a financially distressed situation.  Honan and Richmond Honan had regular legal counsel involved in the transaction, Chris Cooper and David Minyard, who were focused primarily on real estate transactions, financing, and Georgia entity structure.  Honan and Richmond Honan, seeking to broaden the experience of the legal team involved in the acquisition, approached Baker Donelson to assist in performing due diligence and completing the acquisition of Veritas Genetics, Inc.   The scope of the

representation and advice provided by Baker Donelson expanded significantly during the course of the transaction.

12.

Honan and Richmond Honan are sophisticated clients and consumers of legal services.   Honan and other representatives of Richmond Honan, on information and belief, conducted due diligence on Baker Donelson before engaging the firm.   Likewise, they interviewed Baker Donelson and elected to engage the firm to assist in the acquisition of Veritas Genetics, Inc.

13.

On January 30, 2020, Baker Donelson sent an Engagement Letter enclosing Baker Donelson's Terms of Engagement addressed to Honan and Richmond Honan for Honan's execution.   The Engagement Letter identified VGIG as the company to be formed to complete the acquisition of Veritas Genetics, Inc. Honan, indirectly through an entity to be formed, was to be an owner and member of VGIG.   Honan, both directly and indirectly through his lawyers and other agents, directed Baker Donelson's work in connection with the acquisition.   A true and correct copy of the Engagement Letter and Terms of Engagement executed by Honan is attached hereto as Exhibit "A."

14.

In order to begin the representation of Honan, Richmond Honan, and VGIG, Baker Donelson required a $10,000.00 retainer.   Richmond Honan wired the $10,000.00 retained to Baker Donelson shortly after execution of the Engagement Letter.

15.

After receipt of the retainer, Baker Donelson began assisting the Defendants with due diligence and acquiring Veritas Genetics, Inc. in February 2020.   It quickly became clear that a large amount of due diligence would be necessary to complete the transaction as Veritas Genetics, Inc. had recently laid off a large portion of its work force and did not have funds to engage outside counsel to assist with the due diligence.

16.

During Baker Donelson's initial due diligence services, it became clear that Veritas Group, Inc. was still owned by an entity in the Cayman Islands, not directly by U.S. citizens and/or entities as previously thought.  Further, the Cayman Islands entity was in a dispute with the international joint ventures that had implications on the intellectual property owned by Veritas Group, Inc.   This development

expanded the amount of work to be performed by Baker Donelson to assist the Defendants in reaching a clean purchase of Veritas Group, Inc.

17.

During Baker Donelson's engagement, Honan also became concerned that another potential buyer of Veritas Genetics, Inc. had emerged.  Therefore, Honan instructed and encouraged Baker Donelson attorneys to work nights and weekends in an effort to complete the acquisition of Veritas Genetics, Inc. as quickly as possible.

18.

The amount of work required to complete the deal continued to expand as the COVID pandemic struck in March due to additional concerns regarding the dissolution of the Cayman Islands entity and disputes between the international joint ventures.  The deal also expanded as Honan instructed Baker Donelson to work with his regular counsel, Messrs. Cooper and Minyard, to create six additional companies to take part in the final acquisition of Veritas Genetics, Inc. These changes combined with the urgency to close the deal required substantial due diligence efforts and document drafting and re-drafting by Baker Donelson attorneys.  Throughout the transaction, Baker Donelson lawyers worked closely

with Richmond Honan's regular counsel, Messrs. Cooper and Minyard and other representatives of Richmond Honan.

19.

Pursuant to the express terms of the Engagement Letter, Baker Donelson sent monthly statements showing the work performed to date. Baker Donelson was instructed to provide a copy of each invoice to Honan's personal assistant, Christine Eppinger, which it did. On information and belief, Honan was fully aware of the nature of services rendered by Baker Donelson and the amounts owed for those services.

20.

On or about February 14, 2020, Baker Donelson sent an invoice for $7,694.00 after applying the $10,000.00 retainer to Mr. Honan. A true and correct copy of the February 14, 2020 invoice is attached hereto as Exhibit "B".

21.

On or about March 11, 2020, Baker Donelson sent an invoice for $62,253.50 after applying the balance of the retainer to Mr. Honan. A true and correct copy of the March 11, 2020 invoice is attached hereto as Exhibit "C".

22.

On or about April 15, 2020, Baker Donelson sent an invoice for $95,739.50 to Mr. Honan.  A true and correct copy of the April 15, 2020 invoice is attached hereto as Exhibit "D".  Following the delivery of the April 14, 2020 invoice, Baker Donelson was advised by Honan's counsel that he was surprised by the amount of the bill and had expected to be advised when the amounts incurred reached $50,000.  This was the first time any such concern had been voiced to Baker Donelson and Honan's counsel was told as much, specifically.  Honan's lawyer was advised of the reasons for the amount of the bill and encouraged Baker Donelson to continue working on the matter, giving assurances that the bills would be paid at closing.  On information and belief, Honan's lawyer had the actual authority to make assurances of payment on Honan's behalf and to use those assurances to induce Baker Donelson to continue working on the transaction.

23.

On or about May 15, 2020, Baker Donelson sent an invoice for $41,196.00 to Mr. Honan.  A true and correct copy of the May 15, 2020 invoice is attached hereto as Exhibit "E".

24.

On or about June 10, 2020, Baker Donelson sent an invoice for $26,501.50

to Mr. Honan.  A true and correct copy of the June 10, 2020 invoice is attached hereto as Exhibit "F".

### 25.

The transaction closed into escrow on June 22, 2020 and Honan's counsel, Chris Cooper, instructed Baker Donelson to send its invoice for services rendered through closing.  On or about June 22, 2020, Baker Donelson sent an invoice for $25,581.50 to Mr. Honan.  A true and correct copy of the June 22, 2020 invoice is attached hereto as Exhibit "G".  Contrary to the representations made by Honan's counsel, Baker Donelson was not paid for its work at closing.

Baker Donelson has made repeated inquiries to Honan, through counsel and otherwise, regarding its outstanding fees and those fees have not yet been paid.  As late as July 29, 2020, Honan, through counsel, promised to wire transfer $25,000.00 as a show of good faith and to make a proposal to satisfy the balance owed.  No such "good faith" payment was made and no proposal to resolve the indebtedness was ever made.

### 26.

Pursuant to Paragraph 3 of the Terms of Engagement, any estimate of the fees and expenses expected for the engagement is not a maximum or fixed fee quotation and is not a binding agreement to handle the matter for the amount of the

estimate unless otherwise agreed in writing.

27.

Pursuant to Paragraph 4 of the Terms of Engagement, payment of Baker Donelson's invoice is due within 30 days from the date of invoice.  In the event payment is not received within 60 days from the date the invoice is rendered, Baker Donelson is entitled to charge interest at .5% per month or the maximum interest rate allowed by law (whichever is less).

28.

There is a contract balance due and owing to Baker Donelson under the express terms of the Engagement Letter and Terms of Engagement in the principal amount of $249,108.00, plus interest, which sum Defendants have failed and refused to pay after Baker Donelson made demand thereof.

29.

All conditions precedent to Baker Donelson's entitlement to recover against Defendants under the express terms of the Engagement Letter and Terms of Engagement herein concerned have been met by Baker Donelson or waived and/or excused by Defendants.

## COUNT ONE: BREACH OF CONTRACT

### (Against All Defendants)

30.

Baker Donelson reasserts and incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

31.

Defendants entered into a contract with Baker Donelson memorialized by the terms of the Engagement Letter and Terms of Engagement to perform legal services in the connection with the acquisition of Veritas Genetics, Inc.

32.

Defendants breached the express terms of the Engagement Letter and Terms of Engagement with Baker Donelson by virtue of their failure to pay all outstanding invoices within 30 days per the terms of the Engagement Letter and Terms of Engagement.

33.

Defendants breach of the Engagement Letter and Terms of Engagement caused Baker Donelson to incur significant damages for unreimbursed legal fees and expenses totaling $249,108.00, plus interest.

34.

Baker Donelson hereby claims and is entitled to recover damages from Defendants caused by the aforementioned breaches in an amount to be proven at trial but not less than the principal sum of $249,108.00, plus interest.

## COUNT TWO: UNJUST ENRICHMENT

### (Against All Defendants)

35.

Baker Donelson reasserts and incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

36.

In the alternative to its breach of contract claim, Baker Donelson seeks to recover in unjust enrichment for the reasonable value of the services provided to Defendants.

37.

Defendants engaged Baker Donelson to provide legal services in connection with the acquisition of Veritas Genetics, Inc.  Although the Defendants completed the acquisition of Veritas Genetics, Inc. through the services provided by Baker Donelson, Defendants have failed to compensate Baker Donelson for such services.

38.

Baker Donelson is entitled to recover under the doctrine of unjust enrichment because: (a) Baker Donelson conferred a benefit to Defendants; (b) Defendants have knowledge of the benefit; (c) Defendants have accepted or retained the benefit conferred; and (d) the circumstances are such that it would be inequitable for Defendants to retain the benefit without paying for it.

39.

By failing to pay for the services provided by Baker Donelson, Defendants have been unjustly enriched at Baker Donelson's expense and Baker Donelson is entitled to recover all such amounts from Defendants.

## **COUNT THREE: QUANTUM MERUIT**

### **(Against All Defendants)**

40.

Baker Donelson reasserts and incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

41.

In the alternative to its breach of contract claim, Baker Donelson seeks to recover in quantum meruit for the reasonable value of the services provided to Defendants.  *See* O.C.G.A. § 9-2-7.

42.

Baker Donelson is entitled to recovery in quantum meruit because: (a) Baker Donelson provided services valuable to Defendants; (b) Defendants requested and knowingly accepted such services; (c) the receipt of which without compensation would be unjust; and (d) Baker Donelson, as the provider, expected to receive compensation within a reasonable time from when the services were accepted.

43.

Baker Donelson is entitled to recover the reasonable value of all services provided to Defendants.

## COUNT FOUR: ATTORNEYS' FEES AND EXPENSES

### (Against All Defendants)

44.

Baker Donelson reasserts and incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

45.

Pursuant to Paragraph 4 of the Terms of Engagement, Baker Donelson is entitled to attorneys' fees and costs in the event Defendants fail to reimburse Baker Donelson for services rendered.

46.

Defendants breached the express terms of the Engagement Letter and Terms of Engagement with Baker Donelson by virtue of their failure to pay all outstanding invoices within 30 days per the terms of the Engagement Letter and Terms of Engagement.

47.

Pursuant to the express terms of the Engagement Letter and Terms of Engagement, Baker Donelson is entitled to attorneys' fees and expenses incurred for collecting all monies due and owing by Defendants.

48.

WHEREFORE, Baker Donelson prays as follows:

(a)     That process issue and be served on all of the Defendants;

(b)     Under Count One, that Baker Donelson have and recover a Judgment against each of the Defendants, jointly and severally, for its unpaid balance under the Engagement Letter and Terms of Engagement in the amount of $249,108.00, plus pre-judgment and post-judgment interest;

(c)     Under Count Two, that Baker Donelson have and recover a Judgment against each of the Defendants, jointly and severally, for any and all

compensatory and nominal damages proven at trial, but not less than the principal sum $249,108.000, plus pre-judgment and post-judgment interest;

(d)     Under Count Three, that Baker Donelson have and recover a Judgment against each of the Defendants, jointly and severally, for any and all compensatory and nominal damages proven at trial, but not less than the principal sum $249,108.000, plus pre-judgment and post-judgment interest;

(e)     Under Count Four, that Baker Donelson have and recover its reasonable expenses of litigation, including its attorney's fees incurred in bringing this action; and

(g)     That the Court award Baker Donelson any and all further relief at law or in equity as the Court deems just and proper.

*(Signature on following page)*

Respectfully submitted this 31st day of December, 2020.

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC


s/ *Matthew J. Leonard*
MATTHEW J. LEONARD
Georgia State Bar No. 101944
JOHN S. HICKS
Tennessee Bar No. 10478
*Pro Hac Vice To Be Filed*

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, GA 30326
Telephone:  (404) 577-6000
Facsimile:  (404) 221-6501
mleonard@bakerdonelson.com
jhicks@bakerdonelson.com

*Attorneys for Baker, Donelson,*
*Bearman, Caldwell & Berkowitz, P.C.*