# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., <br><br> Plaintiff, <br><br> v. <br><br> VERITAS GENETICS INVESTMENT GROUP, LLC; RICHMOND HONAN DEVELOPMENT AND ACQUISITIONS, LLC; and SCOTT HONAN, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:20-CV-05295-CAP |

## ANSWER AND COUNTERCLAIM OF
## RICHMOND HONAN DEVELOPMENT AND ACQUISITIONS, LLC

COMES NOW Defendant Richmond Honan Development and Acquisitions, LLC ("RHDA" or "Defendant") and files its Answer and Counterclaim to Plaintiff's Complaint filed on December 31, 2020 (the "Complaint"), as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Plaintiff's Complaint is barred by the failure of consideration.

### THIRD DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

### FOURTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### FIFTH DEFENSE

The claims in Plaintiff's Complaint are barred due to the defenses of set-off and recoupment.

### SIXTH DEFENSE

The claims in Plaintiff's Complaint are barred due to payment.

### SEVENTH DEFENSE

The claims in Plaintiff's Complaint are barred due to fraud.

### EIGHTH DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of accord and satisfaction.

### NINTH DEFENSE

The claims in Plaintiffs' Complaint are barred by the doctrine of estoppel.

### TENTH DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of waiver.

### ELEVENTH DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of release.

### TWELFTH DEFENSE

The claims in Plaintiff's Complaint are barred due to the breach of the duty

of good faith and fair dealing.

### THIRTEENTH DEFENSE

The claims in Plaintiff's Complaint are barred due to Plaintiff's breach of contract.

### FOURTEENTH DEFENSE

The claims in Plaintiff's Complaint are barred due to the breach of fiduciary duty.

### FIFTEENTH DEFENSE

The claims in Plaintiff's Complaint lack subject matter jurisdiction.

### SIXTEENTH DEFENSE

This Defendant has no privity of contract with Plaintiff and is therefore not liable to Plaintiff for any alleged breach of contract or otherwise.

### SEVENTEENTH DEFENSE

Defendant responds to the enumerated paragraphs of the Complaint as follows:

### THE PARTIES

1.

Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

**2.**

Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

**3.**

Defendant admits the allegations contained in the first two sentences of Paragraph 3 of Plaintiff's Complaint but denies the remaining allegations contained in Paragraph 3 of the Plaintiff's Complaint.

**4.**

Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint, except for the allegation that Sharon Holcomb is the registered agent for Richmond Honan Development and Acquisitions, LLC ("RHDA"), such being denied.

**5.**

Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

**JURISDICTION AND VENUE**

**6.**

Defendant denies the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

**7.**

Defendant denies the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

**8.**

Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

## FACTUAL BACKGROUND

**9.**

Defendant denies that Baker Donelson was approached by Mr. Honan's representatives to serve as counsel in connection with an opportunity for Richmond Honan to acquire the majority interest in Veritas Genetics, Inc. but admits the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint.

**10.**

Defendant denies all of the allegations contained in the first paragraph of Paragraph 10 of the Plaintiff's Complaint.  Defendant admits the allegations contained in the first sentence and the second sentence of the second paragraph of Paragraph 10 of the Plaintiff's Complaint. Defendant denies the allegations contained in the third sentence of the second paragraph of Paragraph 10 of the Plaintiff's Complaint.

**11.**

Defendant denies the allegations contained in the first sentence of Paragraph 11 of the Plaintiff's Complaint.  Defendant admits the allegations contained in the second sentence of Paragraph 11 of the Plaintiff's Complaint.  Defendant denies the remaining allegations contained in the remaining sentences in Paragraph 11 of the Plaintiff's Complaint.

**12.**

Defendant admits the first sentence of Paragraph 12 of the Plaintiff's Complaint.  Defendant denies the remaining allegations contained in the remaining sentences of Paragraph 12 of the Plaintiff's Complaint.

**13.**

Defendant admits the existence of an Engagement Letter but deny that the Engagement Letter was addressed to Honan and deny that it was for Honan's execution.  Rather the Engagement letter was addressed to RHDA to the attention of Honan and sought the execution of Veritas Genetics Investment Group, LLC ("VGIG").  Defendant denies the remaining allegations of Paragraph 13 and also states that Exhibit "A" speaks for itself and to the extent that the contents of such letter are inconsistent with the allegations contained in Paragraph 13 of Plaintiff's Complaint, such allegations are also denied.

**14.**

Defendant admits that the $10,000 retainer was required but denies the remaining allegations of the first sentence contained in Paragraph 14 of the Plaintiff's Complaint. Defendant admits the allegations contained in the second sentence of Paragraph 14 of the Plaintiff's Complaint as stated, further states that the funds were wired by RHDA on behalf of VGIG.

**15.**

Defendant denies the allegations contained in the first sentence of Paragraph 15 of the Plaintiff's Complaint. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in the second sentence of Paragraph 15 of the Plaintiff's Complaint.

**16.**

Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

**17.**

Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

**18.**

Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

**19.**

Defendant admits the allegations contained in the first sentence and the second sentence of Paragraph 19 of the Plaintiff's Complaint. Defendant denies the allegations contained in the third sentence of Paragraph 19 of the Plaintiff's Complaint.

**20.**

Defendant states that Exhibit "B" speaks for itself and to the extent anything contained in Exhibit "B" is inconsistent with the allegations contained in Paragraph 20 of the Plaintiff's Complaint the allegations contained in Paragraph 20 are denied.

**21.**

Defendant states that Exhibit "C" speaks for itself and to the extent anything contained in Exhibit "C" is inconsistent with the allegations contained in Paragraph 21 of the Plaintiff's Complaint the allegations contained in Paragraph 21 are denied.

**22.**

Defendant states that Exhibit "D" speaks for itself and to the extent anything contained in Exhibit "D" is inconsistent with the allegations contained in the first two sentences of Paragraph 22 of the Plaintiff's Complaint the allegations contained in the first two sentences of Paragraph 22 are denied. Defendant admits

the allegations in contained in the third sentence of Paragraph 22, except for the allegation that it was Honan's counsel. Defendant denies the allegations contained in the fourth sentence of Paragraph 22 of the Plaintiff's Complaint. Defendant denies the allegations contained in the fifth sentence of Paragraph 22 of Plaintiff's Complaint as stated. Defendant denies the allegations contained in the sixth sentence of Paragraph 22 of the Plaintiff's Complaint.

**23.**

Defendant states that Exhibit "E" speaks for itself and to the extent anything contained in Exhibit "E" is inconsistent with the allegations contained in Paragraph 23 of the Plaintiff's Complaint the allegations contained in Paragraph 23 are denied.

**24.**

Defendant states that Exhibit "F" speaks for itself and to the extent anything contained in Exhibit "F" is inconsistent with the allegations contained in Paragraph 24 of the Plaintiff's Complaint the allegations contained in Paragraph 24 are denied.

**25.**

Defendant admits the allegations contained in the first sentence of the first paragraph of Paragraph 25 of the Plaintiff's Complaint, except for the allegation that instructions came from Chris Cooper as Honan's counsel, which is denied.

Defendant states that Exhibit "G" speaks for itself and to the extent anything contained in Exhibit "G" is inconsistent with the allegations contained in the second and third sentence of the first paragraph of Paragraph 25 of the Plaintiff's Complaint the allegations contained the first sentence and the second sentence in the first paragraph of Paragraph 25 are denied. Defendant denies the allegations contained in the last sentence of the first paragraph of Paragraph 25 of the Plaintiff's Complaint.

Defendant admits the allegations contained in the second paragraph of Paragraph 25 of the Plaintiff's Complaint.

**26.**

The Terms of Engagement (as used by Plaintiff in its Complaint) speaks for itself and to the extent Exhibit "A" is inconsistent with the allegations contained in Paragraph 26 of the Plaintiff's Complaint, such allegations are denied. Further, Defendant denies owing any amount claimed by Plaintiff in its Complaint.

**27.**

The Terms of Engagement (as used by Plaintiff in its Complaint) speaks for itself and to the extent Exhibit "A" is inconsistent with the allegations contained in Paragraph 27 of the Plaintiff's Complaint, such allegations are denied. Further, Defendant denies owing any amount claimed by Plaintiff in its Complaint, and therefore, any amount of interest as pled for by Plaintiff.

**28.**

Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

**29.**

Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

## COUNT ONE:  BREACH OF CONTRACT

**(Against All Defendants)**

**30.**

Paragraph 30 of Plaintiff's Complaint does not require a response, but to the extent that it does, Defendant hereby restates and incorporates the answers to paragraphs 1 through 29 as if the same were set forth herein verbatim.

**31.**

Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

**32.**

Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

**33.**

Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

**34.**

Defendant denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

## COUNT TWO: UNJUST ENRICHMENT

**(Against All Defendants)**

**35.**

Paragraph 35 of Plaintiff's Complaint does not require a response, but to the extent that it does, Defendant hereby restates and incorporates the answers to paragraphs 1 through 34 as if the same were set forth herein verbatim.

**36.**

Paragraph 36 of Plaintiff's Complaint does not require a response, but to the extent that it does, Defendant hereby restates and incorporates the answers to paragraphs 1 through 34 as if the same were set forth herein verbatim and denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

**37.**

Defendant denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

**38.**

Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

**39.**

Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

**COUNT THREE:  QUANTUM MERUIT**

**(Against All Defendants)**

**40.**

Paragraph 40 of Plaintiff's Complaint does not require a response, but to the extent that it does, Defendant hereby restates and incorporates the answers to paragraphs 1 through 39 as if the same were set forth herein verbatim.

**41.**

Paragraph 41 of Plaintiff's Complaint does not require a response, but to the extent that it does, Defendant hereby restates and incorporates the answers to paragraphs 1 through 39 as if the same were set forth herein verbatim and denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

**42.**

Defendant denies the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

**43.**

Defendant denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

**COUNT FOUR: ATTORNEYS' FEES AND EXPENSES**

**(Against All Defendants)**

**44.**

Paragraph 44 of Plaintiff's Complaint does not require a response, but to the extent that it does, Defendant hereby restates and incorporates the answers to paragraphs 1 through 43 as if the same were set forth herein verbatim.

**45.**

Defendant denies the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

**46.**

Defendant denies the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

**47.**

Defendant denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

**48.**

Any allegation asserted by Plaintiff in the Plaintiff's Complaint not

specifically admitted is herein denied.

WHEREFORE, Defendant prays that the Plaintiff's Complaint be dismissed, that all costs of this action be cast upon Plaintiff and for such other and further relief as this Court deems just and appropriate.

## COUNTERCLAIM

COMES NOW Defendant and filed its Counterclaim against Plaintiff, as follows:

## FACTS

**1**.

Plaintiff is subject to the jurisdiction and venue of this Court by virtue of having filed its Complaint herein.

**2.**

To the extent that the Defendant is determined to have any liability in this action said Defendant is entitled to a judgment against Plaintiff for the damages sustained due to the conduct of Plaintiff as a set-off.

**3.**

Upon the first contact between Steven M. Azia, as a partner of Plaintiff, and Scott Honan, in his capacity as the Manager of Veritas Genetics Investment Group, LLC ("VGIG"), those parties agreed that there was to be a work stoppage upon the legal fees reaching a threshold of $50,000.00, and work would not continue past

the $50,000.00 threshold until a re-authorization by VGIG to re-commence the legal work (the "Work Stoppage Agreement").

**4.**

In contravention of the Work Stoppage Agreement, Plaintiff surpassed the $50,000.00 threshold and continued to conduct further legal work without the agreed upon re-authorization from VGIG.

**5.**

According to Plaintiff's own allegations and exhibits, Plaintiff went from billing $7,694.00 in its first month of representation to billing $157,993.00 in the following two months of representation of VGIG, exceeding the retainer by $155,687.00 and exceeding the Work Stoppage Agreement threshold by $115,687.00 by mid-April 2020.

**6.**

Plaintiff was reminded of the Work Stoppage Agreement to which Plaintiff now denies having agreed.

**7.**

Plaintiff performed additional work for VGIG in April, May and June of 2020. VGIG asserts that the work performed by Plaintiff was, at times, unauthorized, outside the scope of the purpose for which it was retained and was not of reasonable value for the services provided.

## COUNT I- (SET OFF)

**8.**

Defendant hereby realleges and incorporates Paragraphs 1 and 7 of the Counterclaim as if the same were set forth herein verbatim.

**9.**

To the extent that Defendant is determined to have any liability in this action said Defendant is entitled to a set off due to, *inter alia*, the unauthorized and unnecessary work as described hereinabove in an amount to be proven at trial.

## COUNT II – ATTORNEYS' FEES

**10.**

Defendant realleges and incorporates the allegations contained in paragraphs 1 through 9 of this Counterclaim as if the same were set forth herein verbatim.

**11.**

By Plaintiff's conduct, Plaintiff has caused Defendant to engage in the instant litigation in which it has and continues to incur legal fees.

**12.**

Plaintiff has acted in bad faith, has been stubbornly litigious, and has caused Defendant to endure unnecessary trouble and incur unnecessary expense, any one of which entitles Defendant to recover from Plaintiff the expenses of this action, including attorneys' fees, in an amount to be proven at trial.

**WHEREFORE**, Defendant prays for the following:

(a) To the extent that the Defendant is determined to have any liability in this action said Defendant is entitled to an offset in an amount to be proven at trial as pled for in Count I of the Counterclaim;

(b) That the Court award attorneys' fees for Defendant against Plaintiff as pled for in Count II of the Counterclaim in an amount to be proven at trial; and

(c) That Defendant have such other and further relief as this Court deems just and proper.

This 21st day of January 2021.

**KAPLAN, BOGUE & COOPER, P.C.**

/s/
MICHAEL C. KAPLAN
Georgia Bar No. 407225
**Attorneys for Defendant**
5909 Peachtree Dunwoody Road
Suite 990D
Atlanta, Georgia 30328
(678) 384-7027

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BAker, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., )<br><br>Plaintiff,  )<br><br>v.  )<br><br>VERITAS GENETICS INVESTMENT GROUP, LLC; RICHMOND HONAN DEVELOPMENT AND ACQUISITIONS, LLC; and SCOTT HONAN, )<br><br>Defendants.  ) | CIVIL ACTION FILE<br>NO. 1:20-CV-05295-CAP |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed using the CM/ECF system, which will automatically give notice to the following attorneys of record:

Matthew J. Leonard, Esquire
John S. Hicks, Esquire
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326

This 21st day of January 2021.

/s/
Michael C. Kaplan
Georgia Bar No. 407225
**Attorneys for Defendant**